IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ADEMEKO MACLIN-CARNEY and AUSARIAN CARNEY,<br><br>    Defendants. | Case No. 23-CR-20029-SPM |

# MEMORANDUM AND ORDER

This matter is before the Court on two motions, one filed by Defendant Ademako Maclin-Carney ("Maclin-Carney") (Doc. 113), and one filed by Defendant Ausarian Carney ("Carney"). (Doc. 114). For the reasons stated herein, each defendant's motion is denied.

## PROCEDURAL HISTORY

A jury trial commenced against Defendants on October 7, 2024. A verdict was returned on October 11, 2024. Both defendants were found guilty by the jury on one count of kidnapping. (Doc. 109). On October 17, 2024, Maclin-Carney filed a motion for new trial, judgment of acquittal, and arrest from the judgment. (Doc. 113). On October 23, 2024, Carney filed a motion for new trial and judgment of acquittal. (Doc. 114).

## LEGAL STANDARD

### I. Judgment of Acquittal

A defendant in a criminal case who has been found guilty by a jury may move

for a judgment of acquittal under FED. R. CRIM. P. 29(c). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (citation omitted); *see also United States v. Colonia*, 870 F.2d 1319, 1326 (7th Cir. 1989) (Evidence is sufficient if "any rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt, viewing the evidence and every reasonable inference in the light most favoring the prosecution."). The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle ... [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743–44 (7th Cir. 2005) (internal quotations omitted).

While this is a high hurdle for defendants to clear, the "height of the hurdle depends directly on the strength of the government's evidence," and a properly instructed jury may occasionally convict even when no rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Snyder*, 71 F.4th 555, 571 (7th Cir. 2023) (citations omitted). A motion for judgment of acquittal calls on the court to distinguish between reasonable and speculative inferences, and the line between the two "is by no means a sharp one." *United States v. Jones*, 713 F.3d 336, 346–347 (7th Cir. 2013). An ambiguous statement paired with only little support, for example, is

speculation. *See Jones*, 713 F.3d at 350 (citing *Piaskowski v. Bett*, 256 F.3d 687 (7th Cir. 2001)). Evidentiary gaps cannot reasonably be filled with mere "gut feelings and suspicions." *U.S. v. Garcia*, 919 F.3d 489, 499 (7th Cir. 2019). Likewise, a jury cannot find guilt by mere association. *See Jones*, 713 F.3d at 352. However, a juror may, indeed must, use its common sense. *See, e.g., United States v. Chester*, 2017 WL 3394746, at *28 (N.D. Ill., Aug. 8, 2017).

## II.    New Trial

A defendant in a criminal case who has been found guilty by a jury may move for a new trial under FED. R. CRIM. P. 33. A district court may grant a timely request for a new trial "if the interest of justice so requires." *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting FED. R. CRIM. P. 33(a)). The Seventh Circuit has cautioned that Rule 33 motions should be granted only in "the most extreme cases." *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (internal quotation marks omitted); *see also United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (explaining that jury verdicts in criminal cases are "not to be overturned lightly").

The Court should only grant a new trial if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (alteration in original) (citation omitted), or "if there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict." *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman*, 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted). In making this determination, "[t]he court may not reweigh the evidence

and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).

### III. Arrest of Judgment

A court may arrest a judgment, after a jury verdict, if the Court concludes that it did not have jurisdiction over the charged offense. FED. R. CRIM. P. 34. The determination of whether a Court had jurisdiction is a pure question of law distinct from the evidence presented at trial. *United States v. Boender*, 719 F. Supp. 2d 951, 953 (N.D. Ill. 2010).

## ANALYSIS

After analyzing the arguments put forth by Defendants, the Court concludes that a judgment of acquittal, new trial, nor an arrest of judgment is warranted.

### I. Judgment of Acquittal

Both defendants assert that the evidence presented at trial was insufficient to convict them beyond a reasonable doubt. The Court disagrees. The United States presented ample evidence of the defendants' guilt.

First, the government presented to the jury a surveillance video showing Maclin-Carney's car arriving just before the victim's. The victim proceeded to enter the house but did not return to his vehicle alone. Another video showed the victim's car leaving in tandem with Maclin-Carney's car, and a portion of the her car's front bumper was left in the backyard of the abduction site after the abduction. The jury heard the victim identify Maclin-Carney as the person who lured him into the house where he was abducted under the pretense of seeking a flooring estimate. The victim stated Maclin-Carney pepper-sprayed him, and subsequent chemical testing on his

clothing and property confirmed that.

The forensic evidence corroborates the above evidence. Fibers on the victim's clothing consistent with the trunk liner of the Maclin-Carney's Kia Optima is consistent with his testimony that he was placed in the trunk at gunpoint by the defendants. Both defendants' fingerprints were on the pepper-sprayed notebook, which defendant testified he brought into the house. Moreover, Maclin-Carney's fingerprint was on a still-wet pepper spray cannister at the scene, while Carney's fingerprints were on strips of tape and a roll of duct tape at the abduction site. The government also presented evidence that Maclin-Carney's DNA was on the steering wheel of the victim's car, and of Carney's DNA on a mask that was identical to the one worn by the male kidnapper and was recovered in the car used to facilitate the abduction. There was also evidence of Carney's DNA on the handgun at the scene. Fibers from the defendant's car trunk were in the victim's clothing, and fibers from the victim's clothing were matched to items at the dump site. The phone location data showed both defendants' working in tandem throughout the day in various cellular sectors.

In short, the defendants have failed to overcome the "nearly insurmountable hurdle" as required by Rule 29. *Gougis*, 432 F.3d at 743–44. The jury heard the evidence presented, used its common sense and made valid inferences, and came to a conclusion supported by the evidence. Thus, defendants' motion for judgment of acquittal under Rule 29 is denied.

II.     **New Trial**

The defendants renew their objections to all the evidentiary and other rulings,

arguing that their cumulative effect demands a new trial. They do not explain how these rulings were prejudicial in the aggregate, nor do they present new arguments that have not already been addressed by the Court. As the parties' arguments and Court's rulings have already been fully developed in the record, the Court need not readdress them here. The Court is satisfied that its rulings do not amount to prejudicial error requiring a new trial under Rule 33.

### III. Arrest of Judgment

At the close of the government's case-in-chief, Maclin-Carney moved for a directed verdict on the grounds that the government charged she "willfully and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away J.G.," emphasizing the word "and," and she argued there was purportedly no evidence that anyone physically carried J.G. anywhere during the kidnapping. (*See* Doc. 107). The argument suggested that the United States needed to prove all the listed means of accomplishing the kidnapping because of the word "and" in the indictment. The Court interprets Maclin-Carney's reference to FED. R. CRIM. P. 34 as the rule supporting this argument.

First, it is clear that the Court has jurisdiction over the charged offense. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Second, the advisory committee notes for Rule 34 state that the December 2014 amendment was meant to conform Rule 34 to Rule 12(b) of the Federal Rules of Criminal Procedure, the latter of which had been amended to remove language that had allowed a court, at any time during the pendency of a case, to hear

a claim that an indictment or information failed to state an offense. FED. R. CRIM. P. 34 (2016) advisory committee notes; *see also* FED. R. CRIM P. 12(b)(3) (2016) (stating that objections based on defects in the indictment or information "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"). The result is that Rule 34 no longer authorizes a district court to arrest judgment based on the fact that an indictment fails to charge an offense. *See United States v. Mowen*, 2017 WL 2213121, at *5 (C.D. Ill. May 19, 2017). To the extent Carney's motion can be construed as one attacking the Indictment pursuant to Rule 12(b)(3), it is untimely. Accordingly, there is no basis for the Court to arrest judgment pursuant to Rule 34.

## CONCLUSION

For the reasons stated above, the Court **DENIES** defendants' Motions. (Docs. 113, 114).

**IT IS SO ORDERED.**

**DATED:  February 26, 2025**

                                               **s/ *Stephen P. McGlynn***
                                               **STEPHEN P. McGLYNN**
                                               **U.S. District Judge**